UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 05 CR 485-1 |
| | ) | |
| GEORGE A. PRADO | ) | Honorable Harry D. Leinenweber |

PROTECTIVE ORDER RELATING TO THE PROCEEDS
FROM THE SALE OF THE REAL PROPERTY
COMMONLY KNOWN AS 5856 SOUTH NORDICA, CHICAGO, ILLINOIS

This matter comes before this Court on motion of the United States for a protective order relating to the proceeds from the sale of the real property commonly known as 5856 South Nordica, Chicago, Illinois pursuant to of 21 U.S.C. § 853(e), as incorporated by 18 U.S.C. § 982(b)(1), this Court fully advised finds as follows:

(a) On February 17, 2006, a superseding information was filed charging defendant GEORGE A. PRADO with drug trafficking and money laundering violations pursuant to the provisions of 21 U.S.C. § 846 and 18 U.S.C. § 1957;

(b) The superseding information included allegations that certain property, including the real property commonly known as 5856 South Nordica, Chicago, Illinois ("the Nordica property") is subject to forfeiture, pursuant to the provisions of 18 U.S.C. § 982(a)(1), as real property involved in or traceable to money laundering offenses. The Nordica property is legally described as:

LOTS ONE AND TWO IN CANNATA'S NORDICA AVE. RESUBDIVISION OF THE SOUTH HALF OF LOT 5 IN BLOCK 95 IN FREDERICK H. BARTLETT'S SIXTH ADDITION TO BARTLETT HIGHLANDS, BEING A SUBDIVISION OF THE NORTHWEST QUARTER OF SECTION 18, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Real Estate Index Number: 19-18-126-045-0000.

(c)     On October 4, 2005, the United States recorded a notice of *lis pendens* with the Cook County Recorder of Deeds Office, under the grand jury case number 05 GJ 305, against the Nordica property, because as set forth in the application submitted in support of the request, the real property is subject to forfeiture. The record owner of the Nordica property is defendant GEORGE PRADO. Further, mortgages are held on the subject real property by Archer and Chase Banks;

(d)     On September 21, 2006, pursuant to Fed R. Crim. P. 11, defendant GEORGE A. PRADO entered a voluntary plea of guilty to the superseding information;

(e)     Pursuant to the terms of the plea agreement and as a result of his violations of 18 U.S.C. § 1957, defendant GEORGE A. PRADO agreed that certain property, including but not limited to the Nordica property, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982;

(f)     On or about November 20, 2008, the government learned that defendant GEORGE PRADO has entered into a contract to sell the subject real property for the purchase price of $440,000;

(g)     The United States requests that the Court enter an order allowing the sale of the Nordica property to proceed and directing that the proceeds from the sale, after the payment of certain costs, detailed in paragraph (j) below, be retained in an escrow account pending further order of this court;

(h)     Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction;

(i)     Specifically, Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

2

Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -

    (A)    upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(j)    In the event that the Nordica property is sold, pursuant to the terms of the contract, to preserve the availability of the proceeds of the sale, the United States requests that, after an approved accounting and the payment of certain costs, namely, the above-described mortgages, attorney's fees, the real estate broker's commission and real estate taxes, the remaining proceeds shall be held in escrow by the United States Marshal pending further order of this Court;

(k)    Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, jeopardizing the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That, the government's motion for the entry of a protective order directing the proceeds from the sale of the property commonly known as 5856 South Nordica, Chicago, Illinois, be held in escrow, pursuant to the pursuant to the provisions of 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1); it is further ordered,

2.    That, upon satisfaction of certain costs, namely, the above-described mortgages, attorney's fees, the real estate broker's commission and real estate taxes, and the transfer of the proceeds to the United States Marshal, the lis pendens notice shall be released; it is further ordered,

3.    That, the proceeds from the sale of the real property commonly known as 5856 South Nordica, Chicago, Illinois, shall be retained in an escrow account by the United States Marshal pending further order of this Court; it is further ordered,

4.    That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

HARRY D. LEINENWEBER
United States District Judge

DATED: 2/4/2009